IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSEPH LACKEY**<br>1508 Nicolay Way<br>Essex, MD 21221<br>*Resident of Baltimore County*<br><br>Plaintiff,<br><br>v.<br><br>**MWR INVESTIGATIONS INC.**<br>6155 Shadywood Road, Unit 404<br>Elkridge, MD 21075<br>*Resident of Howard County*<br><br>Serve: Michael Rice<br>6155 Shadywood Road, Unit 404<br>Elkridge, MD 21075<br><br>and<br><br>**MICHAEL RICE**<br>6155 Shadywood Road, Unit 404<br>Elkridge, MD 21075<br>*Resident of Howard County*<br><br>Defendants. | *<br>*<br>*  Civil Action No.:<br>*<br>*<br>*<br>*<br>*  **Jury Trial Requested**<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

JOSEPH LACKEY ("Lackey"), Plaintiff, by and through his undersigned counsel, James A. Lanier, Benjamin L. Davis, III, and the Law Offices of Peter T. Nicholl, hereby submits this Complaint against MWR INVESTIGATIONS INC, ("MWR") and MICHAEL RICE ("Rice"), Defendants, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 216(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"), and unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and

1

Employment Article §§ 3-401 *et seq.* (hereinafter, "MWHL"), and in support thereof, state as follows:

## INTRODUCTION

Plaintiff's lawsuit stems from the enactment and application of a common scheme by Defendants to avoid paying Plaintiff, working in security, wages due under the law. Defendant required plaintiff to work excessive hours, and would not compensate plaintiff for the overtime hours he worked. Defendant failed to pay plaintiff time and a half for overtime hours worked, and other compensation owed under the law.

## THE PARTIES

1. Plaintiff Joseph Lackey is an adult resident of Baltimore County, Maryland.

2. Plaintiff has been working for Defendant, MWR, a business with a principal office located in Howard County Maryland, as an employee since 2008.

3. Defendant MWR is managed, owned, and operated by Defendant Michael Rice.

4. At all times relevant to this Complaint, Defendants made all decisions relating to Plaintiff's rate and method of pay.

5. Plaintiff worked for the Defendants, who, at all times throughout Plaintiff's employment, fell within the purview of the term "employer" under the Fair Labor Standards Act, 29 U.S.C. § 203(d) and the Maryland Wage and Hour Law ("MWHL").

6. While working as a Security Guard for Defendants, Plaintiff and similarly situated employees worked as non-exempt employees under the FLSA.

7. Plaintiff brings suit in this Honorable Court for the adjudication of his claims stemming from and relating to violations of the FLSA and the MWHL as a resident of Baltimore

County, Maryland, against Defendants, a corporation with a principal office in Howard County, Maryland, and one adult resident of Howard County, Maryland.

## JURISDICTION AND VENUE

8. Original jurisdiction in this Honorable Court is granted by the FLSA, 29 U.S.C. § 207 *et seq.*; this Court also has subject matter jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331. Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A.

9. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within the State of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

10. Plaintiff and similarly situated employees performed duties relating to private security for Defendant's various clients. Plaintiff's primary job duties involved driving and walking around job sites to make sure the properties were secure.

11. Plaintiff satisfied the requirements of his job and adequately performed his duties to benefit the Defendants, as well as the customers of Defendants' client's properties.

12. Defendants routinely scheduled Plaintiff and others similarly working as security guards for hours exceeding forty (40) hours within a single workweek. While security guard hours slightly varied week-to-week, Plaintiff's workweek rarely, if ever, involved less than one hundred (100) hours of work.

13. Plaintiff and similarly situated security guards would often be required to work seven (7) days per week.

14. For the aforementioned work, Plaintiff and those similarly situated received bi-weekly payments reflecting "straight time" for all hours worked, including hours over forty (40).

This payment method did not take into account the number of overtime hours worked by Plaintiff during each workweek.

15. There is no bona fide dispute that Plaintiff and similarly situated employees were entitled to overtime wages for hours worked over forty (40) in a workweek.

16. Defendants, acting without good faith, withheld wages owed to Plaintiff and similarly situated employees.

17. Plaintiff seeks wages owed and other available relief against Defendants through Plaintiff's Complaint for unpaid overtime wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and others similarly situated worked for Defendants as security guards at Defendants' client's properties.

19. The FLSA requires employers to compensate covered non-exempt employees, such as Plaintiff and similarly situated persons, overtime wages for hours worked over forty (40) within a single workweek.

20. Defendants paid Plaintiff and those similarly situated on an hourly basis.

21. Defendants knew that Plaintiff and similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiff to work more than forty (40) hours a week.

22. Defendants knew or should have known that Plaintiff and those similarly situated were entitled to overtime for all hours worked over forty (40) as non-exempt employees.

23. Plaintiff commences this collective action on behalf of himself and those similarly situated under FLSA for the payment of wages owed reflecting the federal minimum wage rate

4

and an overtime rate not less than one and a half (1.5) times the regular rate of pay against the Defendants.

24. Plaintiff consents to be a party plaintiff in this matter; Plaintiff's consent form is attached to this complaint as Exhibit A. It is likely that other individuals will join Plaintiff during the litigation of this matter and similarly file written consents with the Court.

25. There are numerous similarly situated current and former employees of the Defendants that have been harmed by the common scheme of Defendants to underpay its employees and violate the FLSA.

26. These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

27. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit; upon information and belief, others will chose to join Plaintiff in this action against the Defendants and opt-in to this lawsuit to recover unpaid wages and other available relief.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I. Violation of FLSA: Failure to Pay Overtime Wages*
### *(Joseph Lackey v. MWR Investigations, Inc.)*

28. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

29. Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and a half (1.5) times the regular rate at which they are employed.

30. As described above, Plaintiff has not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff for these additional hours.

31. Defendants willfully and intentionally failed to compensate Plaintiff for the overtime wages owed to him. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed while employed by the Defendant.

32. Under the FLSA, Plaintiff is entitled to additional wages from Defendants to compensate him for hours worked in a workweek in excess of forty (40) at a rate of one and a half (1.5) times his normal hourly wage rate.

### *Count II. Violation of FLSA: Failure to Pay Overtime Wages*
### *(Joseph Lackey v. Michael Rice)*

33. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

34. Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and a half (1.5) times the regular rate at which they are employed.

35. As described above, Plaintiff has not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendant failed to compensate Plaintiff for these additional hours.

36. Defendants willfully and intentionally failed to compensate Plaintiff for the overtime wages owed to him. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed while employed by the Defendant.

37. Under the FLSA, Plaintiff is entitled to additional wages from Defendants to compensate him for hours worked in a workweek in excess of forty (40) at a rate of one and a half (1.5) times his normal hourly wage rate.

### Count III. Violation of MWHL: Failure to Pay Overtime Wages
### (Joseph Lackey v. MWR Investigations, Inc.)

38. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

39. Pursuant to Maryland Wage and Hour Law, Maryland Labor Employment Code Ann. §3-415. Each employer shall pay an overtime wage of at least one and one half (1.5) times the usual hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. §3-420(a), an employer shall compute the wage for overtime under §3-415 on the basis of each hour over forty (40) hours that an employee works during one (1) workweek.

40. Plaintiff has not received compensation from Defendant reflecting the prescribed overtime wages they were owed. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed while employed by defendant.

41. Under Maryland law, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's normal hourly rate.

### Count IV. Violation of MWHL: Failure to Pay Overtime Wages
### (Joseph Lackey v. Michael Rice)

42. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

43. Pursuant to Maryland Wage and Hour Law, Maryland Labor Employment Code Ann. §3-415. Each employer shall pay an overtime wage of at least one and one half (1.5) times the usual hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. §3-

420(a), an employer shall compute the wage for overtime under §3-415 on the basis of each hour over forty (40) hours that an employee works during one (1) workweek.

44. Plaintiff has not received compensation from Defendant reflecting the prescribed overtime wages they were owed. There is no bona fide dispute that Plaintiff is owed overtime wages for work performed while employed by defendant.

45. Under Maryland law, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's normal hourly rate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, prays for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

b) Judgment against Defendants finding that Defendants misclassified Plaintiff and those similarly situated as exempt from the FLSA

c) An award against Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and one-half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, to Plaintiff and those similarly situated;

d) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

e) An award of interest on all unpaid wages;

f) An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by the Defendants;

g) Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms;

h) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

_____/s/_____
James A. Lanier, Esq. (Bar No.13789)
The Law Offices of Peter T. Nicholl
Benjamin L. Davis, III, Esq. (Bar No. 29774)
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454
jlanier@nicholllaw.com

*Attorney for Plaintiff*