IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH LACKEY                      *
                                   *
                                   *
v.                                 *
                                   *   Civil Action No. WMN-14-3341
MWR INVESTIGATIONS, INC.           *
et al                              *
                                   *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM AND ORDER**

Plaintiff has been employed as a security guard by

Defendant MWR Investigations, Inc. (MWR) since 2008.  He filed

this action alleging violations of the federal Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq.

(FLSA) and the Maryland Wage and Hour Law, Md. Code Ann., Lab. &

Empl. §§ 3-401 et seq. (MWHL).  Specifically, Plaintiff alleges

that he routinely works in excess of forty hours per week but

does not receive any overtime pay.  In addition to MWR,

Plaintiff names Michael Rice as a Defendant, whom he identifies

as "manag[ing], own[ing], and operat[ing]" Defendant MWR.

Compl. ¶ 3.

Defendant Rice has moved to dismiss the claims against him

on the ground that Plaintiff failed to allege sufficient factual

allegations that could create a plausible inference that he can

be considered Plaintiff's "employer" under either statute.  ECF

No. 10.  Plaintiff did not oppose the motion within the time

permitted under the Local Rules.  As the Fourth Circuit recently
reminded, however, even when motions to dismiss are unopposed,
"the district court nevertheless has an obligation to review the
motions to ensure that dismissal is proper."  Stevenson v. City
of Seat Pleasant, Md., 743 F.3d 411, 416 (4th Cir. 2014).  Upon
review of Rice's motion and the applicable case law, the Court
determines that no hearing is necessary, Local Rule 105.6, and
that the motion must be denied.

The FLSA generally requires, inter alia, that employers
provide their employees with overtime compensation for all hours
worked in excess of a forty-hour workweek.  See 29 U.S.C. § 207.
The FLSA defines "employer" to include "any person acting
directly or indirectly in the interest of an employer in
relation to an employee."  Id. § 203(d).  To decide whether a
particular individual is an "employer" under this definition,
"the economic realities of the relationship between the employee
and the putative employer" must be examined.  Caseres v. S & R
Mgt. Co., LLC, No. AW-12-1358, 2012 WL 5250561, at *3 (D. Md.
Oct. 24, 2012).  The economic realities test looks to a number
of factors, including whether the putative employer is someone
who "(1) has the authority to hire and fire employees; (2)
supervises and controls work schedules or employment conditions;
(3) determines the rate and method of payment; and (4) maintains
employment records."  Khalil v. Subway at Arundel Mills Office

Park, Inc., No. CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan.
24, 2011).  Furthermore, "[f]ederal courts almost universally
state that this definition [of employer] is to be interpreted
broadly to achieve Congress's intent to provide a remedy to
employees for their employers' wage and hour violations."
Pearson v. Prof'l 50 States Prot., LLC, No. RDB-09-3232, 2010 WL
4225533, at *4 (D. Md. Oct. 26, 2010).  The MWHL is "the State
parallel" to the FLSA, Friolo v. Frankel, 819 A.2d 354, 361 (Md.
2003), and, therefore, courts assess an individual's liability
as an "employer" for overtime violations of the MWHL under the
same economic realities test used in the FLSA context.  See
Caseres, 2012 WL 5250561, at *4.

       In addition to alleging that Rice managed, owned, and
operated MWR, Plaintiff included in the Complaint several
collective allegations against Defendants Rice and MWR.
Plaintiff alleges that: "Defendants made all decisions relating
to Plaintiff's rate and method of pay," Compl. ¶ 4; "Defendants
routinely scheduled Plaintiff . . . for hours exceeding forty
(40) hours within a single workweek," id. ¶ 12; "Defendants,
acting without good faith, withheld wages owed to Plaintiff,"
id. ¶ 16; and, that "Defendants willfully and intentionally
failed to compensate Plaintiff for the overtime wages owed to
him," id. ¶¶ 31, 36.  Plaintiff also included in the Complaint
the somewhat conclusory allegation that "Defendants [] at all

times throughout Plaintiff's employment, fell within the purview of the term 'employer' under the [FLSA] and [MWHL]." Id. ¶ 5.

Defendant Rice does not argue that these allegations, if directed against him separately, would not suffice to deem him an "employer" for purposes of these statutes.  Instead, Rice faults Plaintiff for "improperly grouping together the Defendants in his pleadings." ECF No. 10 at 8.  While acknowledging that "a complaint against multiple defendants can be read as making the same allegation against each defendant individually," id. (citing Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997)), Defendant Rice suggests that the claims against him should be dismissed because Plaintiff fails to identify the facts necessary to allege individual liability specifically against him.  Id. at 2.

On numerous occasions, however, this Court has found that collective allegations nearly identical to those asserted here were sufficient to state a claim for personal liability under the FLSA and the MWHL.  In Pearson, a case relied upon by Defendant Rice, id. at 4, 8, the plaintiffs brought claims against the company that employed them, Pro 50, as well as against the president of that company, Alphonso Tillman.  In their complaint, the plaintiffs did not specifically identify any actions or activities undertaken by Tillman in his individual capacity aside from stating that he was the President

4

of Pro 50.  2010 WL 4225533, at *4.  Nevertheless, this Court
denied Tillman's motion to dismiss, observing, "Plaintiffs frame
all allegations made in their Complaint in the plural, and this
Court will construe all alleged facts in the light most
favorable to the Plaintiffs.  In other words, this Court will
presume that all allegations made against the Defendants also
apply equally to Tillman in his individual capacity."  Id.
(citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th
Cir. 1999)).  Because the plaintiffs had alleged that
"Defendants failed to properly compensate Plaintiffs for their
hours worked and for overtime . . ., [and] Defendants maintained
and recorded the hours worked by Plaintiffs and were aware
Plaintiffs worked in excess of 40 hours per week," this Court
concluded "that under the plausibility standard of Ashcroft v.
Iqbal, 556 U.S. 662 (2009), [those] allegations [were]
sufficient to state a plausible claim."  Id.

    Similarly, in Caseres, the plaintiff brought an FLSA and
MWHL case against the construction company that employed him and
an individual that he alleged, "upon information and belief,
[was] the founder, director and officer of [that company] and
the owner or one of the owners of [that company]."  2012 WL
5250561, at *4.  That was the "only one specific, factual
allegation regarding the individual Defendant," id., and yet
this Court denied the individual defendant's motion to dismiss.

Following Pearson, the Court presumed that all allegations made against the defendants collectively applied equally to the individual defendant and concluded that the plaintiff stated a plausible claim that the individual defendant was an "employer" under the FLSA and the MWHL.  Id. at *5.

One month later, this Court reached the same conclusion in another FLSA/MWHL case, Iraheta v. Lam Yuen, LLC, No. DKC-12-1426, 2012 WL 5995689 (D. Md. Nov. 29, 2012).  In her complaint, the plaintiff made no specific allegations regarding the individual defendants beyond the allegation that they were "members, directors, officers, and owners" of the company that employed her.  Id. at *4.  Again, following Pearson and Caseres, this Court presumed that other allegations concerning the Defendants collectively applied equally to the individual defendants and denied their motion to dismiss.  See also Smith v. ABC Training Ctr. Of Md., Inc., No. JFM-13-306, 2013 WL 3984630, at *7 (D. Md. Aug. 1, 2013) (concluding that, as the plaintiffs stated plausible FLSA and MWHL claims against the company, the claims against the managers and executives who exerted significant control over the operations of the company were also plausible).

The Court notes that, in Pearson, Caseres, and Smith, the individual defendants, with their motions, submitted affidavits addressing their level of control over the plaintiffs' hours and

6

wages.  In <u>Caseres</u>, after concluding that the complaint stated a plausible claim that the individual defendant was an employer, the Court went on to consider the motion as one for summary judgment, considering the defendant's affidavit and the counter-affidavit submitted by the plaintiff.  Finding that, under the undisputed facts, the individual defendant could not be considered an employer within the meaning of the statutes, the Court granted summary judgment.  2012 WL 5250561, at *5.  In <u>Smith</u>, however, the Court found that the parties' conflicting views as to the scope of the individual defendants' control created a genuine issue of material fact that had to be resolved after discovery.  2013 WL 3984630, at *8.  For whatever reason, Defendant Rice elected not to support his motion with any evidence disclaiming his control over Plaintiff's hours and wages.

Accordingly, IT IS this 8th day of January, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendant Michael Rice's Motion to Dismiss, ECF No. 10, is DENIED; and

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all parties and counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge